UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------)
**BASSLINE DIGITAL, INC.,**                                      )  Case:
                                                                 )
    Plaintiff,                                )
                                                                 )  **COMPLAINT**
    vs.                                       )
                                                                 )  **Plaintiff Demands**
                                                                 )  **Trial By Jury**
**INTERGROOVE TONTRAGER VERTRIEBS, GMBH**                        )
                                                                 )
    Defendant.                                )
------------------------------------------------------------------

CV-10 0097  SPATT, J.  BOYLE, M.

Plaintiff Bassline Digital, Inc. ("Bassline" or "Plaintiff"), as and for its complaint against defendant Intergroove Tontrager Vertriebs, Gmbh ("Intergroove" or "Defendant") alleges as follows:

### The Parties

1. Bassline is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 53 East Merrick Road, Suite 173, Freeport, New York 11520, in the County of Nassau and State of New York.

2. Upon information and belief, Intergroove is a corporation organized under the laws of the Country of the Federal Republic of Germany and maintains a place of business at Ferdinand-Porsche-Str.13, 60386 Frankfurt, Germany and in Ernst Griesheimer - Platz 6, 63071, Offenbach Am Main, Germany.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

1

4. Intergroove is subject to personal jurisdiction in the Eastern District of New York and venue lies in this district pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. §1391(c).

**Parties**

5. Bassline is primarily engaged in the business of video production.

6. Upon information and belief, Intergroove is engaged in the business of distributing pre-recorded videos (DVD's) and pre-recorded music.

7. Upon information and belief, Intergroove is the owner of Intergroove U.S., Inc. ("Intergroove U.S."), a corporation organized under the laws of the State of New York, and Intergroove U.S. maintains its principal place of business at 622 Broadway, Suite 3B, New York, New York 10012, in the County of New York and State of New York.

8. Upon information and belief Intergroove U.S. acts as a mere department or mere instrumentality of the parent corporation, Intergroove.

**The Underlying Facts**

9. On or about December 2008, Bassline and Intergroove entered into a contract whereby Bassline would deliver approximately 25 (twenty-five) to 30 (thirty) video productions to Intergroove and Intergroove would pay Bassline at a rate of $650.00 per hour for Bassline's services (hereinafter the "December Contract").

10. Pursuant to the December Contract, Bassline delivered 27 (twenty-seven) video productions to Intergroove in a timely manner from approximately January 2009 until July 2009.

11. Pursuant to the December Contract, Bassline sent several invoices requesting payment for its services, specifically, Bassline sent the following invoices: (i) on or about February 1, 2009 with total charges of $180,700.00; (ii) on or about March 1, 2009 with total charges of $191,425,00; (iii) on or about April 1, 2009 with total charges of $66,950.00; (iv) on

2

or about May 1, 2009 with total charges of $151,450.00; and (v) on or about June 1, 2009 with total charges of $191,100.00.

12. On or about March 29, 2009, Intergroove made a payment of $9,414.75 towards the balance due to Bassline.

13. On or about June 30, 2009, Intergroove made a payment of $7,675.20 towards the balance due to Bassline.

14. On or about July 6, 2009, Bassline made an adjustment to the amount due and gave a credit of $433.05 to Intergroove.

15. As of July 7, 2009 and continuing to the current date, pursuant to the December Contract, Intergroove has a balance owed and due of $764,102.00 to Bassline.

16. On or about June 29, 2009, the principals of Bassline, Steven Manney, President of Bassline and Joseph Leonardo, CEO of Bassline, met with Ralf Reichert, Managing Director of Intergroove and other employees and representative of Intergroove at Intergroove's offices in Frankfurt, Germany (hereinafter the "June 2009 Meeting").

17. At the June 2009 Meeting, Bassline demanded payment on the amount due.

18. At the June 2009 Meeting, Intergroove agreed to and promised to provide payment on the amount due to Bassline.

### First Cause of Action
### Breach of Contract

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18, above, as if fully set forth herein.

20. The December Contract is a valid contract entered into by Bassline and Intergroove.

21. Bassline duly and fully performed all of its obligations under the December Contract by delivering 27 (twenty-seven) video productions to Intergroove.

22. Intergroove breached the December Contract by failing to fully pay for the goods and services rendered by Bassline.

23. As a result of Intergroove's breach of the December Contract, Bassline has suffered damages of $764,102.00, exclusive of interest.

24. As a result of Intergroove's breach of the December Contract, Bassline has also suffered additional damages equal to the statutory rate of interest on the amount due of $764,102.00.

## Second Cause of Action
### Goods and Services Sold and Delivered

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18, above, as if fully set forth herein.

26. Plaintiff argues this cause of action in the alternative to the other causes of action contained within this Complaint.

27. Bassline sold and delivered goods and services, in the form of 27 (twenty-seven) video productions, to Intergroove.

28. Said goods and services were contracted for pursuant to the December Contract.

29. Bassline demanded a total payment of $781,191.95 from Intergroove for the goods and services delivered to Intergroove.

30. Intergroove paid a total of $17,089.95 of the amount due to Bassline.

31. Intergroove owes a total of $764,102.00 to Bassline, for the goods and services that Bassline delivered to Intergroove.

## Third Cause of Action
### Implied Contract

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18, above, as if fully set forth herein.

33. Plaintiff argues this cause of action in the alternative to the other causes of action contained within this Complaint.

34. Bassline delivered 27 (twenty-seven) video productions to Intergroove.

35. Intergroove accepted the 27 (twenty-seven) video productions.

36. The reasonable value of the 27 (twenty-seven) video productions produced is $781,191.95.

37. The delivery of the 27 (twenty-seven) video productions to Intergroove and the acceptance by Intergroove of the same gives rise to the inference of an implied contract.

38. Intergroove paid a total of $17,089.95 to Bassline.

39. Intergroove owes a total of $764,102.00 to Bassline for the reasonable value of the 27 (twenty-seven) video productions delivered to Integroove.

## Fourth Cause of Action
### Unjust Enrichment

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18, above, as if fully set forth herein.

41. Plaintiff argues this cause of action in the alternative to the other causes of action contained within this Complaint.

42. Intergroove received 27 (twenty-seven) video productions from Bassline.

43. Intergroove benefited from the receipt of the 27 (twenty-seven) video productions from Bassline.

44. Actions committed by Intergroove, including, but not limited to: (i) making partial payments of $17,089.95 to Bassline; (ii) receiving the 27 (twenty-seven) video productions without protest or complaint; and (iii) promising Bassline that it would pay for the 27 (twenty-seven) video productions, results in a legal and/or equitable obligation whereby Intergroove shall pay for the reasonable value of the 27 (twenty-seven) video productions provided by Bassline.

45. The benefit that Intergroove received was at the expense of Bassline, as Bassline expected to be properly compensated for the work, services and goods provided to Intergroove.

46. Equity and good conscience require that Intergroove provide restitution to Bassline for the benefit that Intergroove received at the expense of Bassline.

47. The amount of benefit received at the expense of Bassline is $764,102.00.

### Fifth Cause of Action
### Promissory Estoppel

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18, above, as if fully set forth herein.

49. Plaintiff argues this cause of action in the alternative to the other causes of action contained within this Complaint.

50. At the June 2009 Meeting, Intergroove made a clear and unambiguous promise to pay Bassline for the amount due of $764,102.00.

51. Bassline was induced to rely upon Intergroove's promises to pay.

52. Bassline's reliance upon Intergroove's promise was reasonable and foreseeable.

53. Bassline was injured as a result of its reliance upon Intergroove's promise

54. Equity and good conscience require that Intergroove provides restitution to Bassline for the injuries that Bassline suffered as a result of Intergroove's promises and actions or inactions.

55. Bassline suffered $764,102.00 in damages as a result of Intergroove's promises and actions or inactions.

**WHEREFORE**, Bassline demands judgment against Intergroove as follows:

### Count I - Breach of Contract

(1) The sum of $764,102.00 for the First Cause of Action;

(2) Interest at the statutory rate calculated from the sum of $764,102.00.00 from the date said indebtedness accrued for the First Cause of Action;

(3) That Bassline be awarded the costs of this action;

(4) That the Court grant such other and further relief in favor of Bassline and against Intergroove as it shall deem just and proper;

### Count II - Goods and Services Sold and Delivered

(5) The sum of $764,102.00 for the Second Cause of Action;

(6) Interest at the statutory rate calculated from the sum of $764,102.00.00 from the date said indebtedness accrued for the Second Cause of Action;

(7) That Bassline be awarded the costs of this action;

(8) That the Court grant such other and further relief in favor of Bassline and against Intergroove as it shall deem just and proper;

### Count III - Implied Contract

(9) The sum of $764,102.00 for the Third Cause of Action;

(10)  Interest at the statutory rate calculated from the sum of $764,102.00.00 from the date said indebtedness accrued for the Third Cause of Action;

(11)  That Bassline be awarded the costs of this action;

(12)  That the Court grant such other and further relief in favor of Bassline and against Intergroove as it shall deem just and proper;

### Count IV - Unjust Enrichment

(13)  The sum of $764,102.00 for the Fourth Cause of Action;

(14)  Interest at the statutory rate calculated from the sum of $764,102.00.00 from the date said indebtedness accrued for the Fourth Cause of Action;

(15)  That Bassline be awarded the costs of this action;

(16)  That the Court grant such other and further relief in favor of Bassline and against Intergroove as it shall deem just and proper;

### Count V - Promissory Estoppel

(17)  The sum of $764,102.00 for the Fifth Cause of Action;

(18)  Interest at the statutory rate calculated from the sum of $764,102.00.00 from the date said indebtedness accrued for the Fifth Cause of Action;

(19)  That Bassline be awarded the costs of this action; and

(20)  That the Court grant such other and further relief in favor of Bassline and against Intergroove as it shall deem just and proper.

Respectfully submitted,
BADANES LAW OFFICE

Dated: Northport, New York
January 11, 2010

By: _____
David P. Badanes (DB 7668)
842 Route 25A

8

Northport, New York, 11768
631-239-1702
(fax) 631-651-2859
dbattorney@optonline.net
*Attorneys for Plaintiff*